IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, | |
| Plaintiff, | CIVIL ACTION NO.: 4:23-cv-93 |
| v. | |
| TMX FINANCE CORPORATE SERVICES, INC.; and TMX FINANCE LLC, | |
| Defendants. | |

## O R D E R

This matter comes before the Court on Plaintiff's attorneys Jeffrey N. Mykkeltvedt, Charles H. Van Horn, Cody Alexander Bolce, and Scott Edward Cole failure to comply with the Court's Text Order and failure to appear for a hearing before the Court. Having reviewed Plaintiff's counsel's Response to the Court's Show Cause Order, (doc. 29), the Court finds that extreme sanctions including dismissal of this case and revocation of counsel's *pro hac vice* admission are not warranted. Nonetheless, the Court holds Mr. Mykkeltvedt, Mr. Van Horn, Mr. Bolce, and Mr. Cole in civil contempt for the reasons and in the manner set forth below.

## BACKGROUND[1]

On June 30, 2023, the Court issued a Text Order setting this case, along with twenty-five related cases, down for a hearing to be held on July 25, 2023. (Doc. 25.) The Court's Text Order explained that the Court would hear from counsel as to whether this matter should be consolidated into Kolstedt v. TMX Finance Corporate Services, Inc., Case No. 4:23-cv-00076-RSB-CLR. (Id.) The Text Order stated, "One attorney for each party shall appear for the status conference. . . . By no later than July 21, 2023, counsel for each party shall email the undersigned's Courtroom Deputy Clerk a list of any party or attorney requesting to attend the hearing." (Id.) Plaintiff's attorneys of record in this case, Mr. Mykkeltvedt, Mr. Van Horn, Mr. Bolce, and Mr. Cole, each received notice of the Text Order through the Court's electronic case filing system on June 30, 2023. (Id.)

Nonetheless, none of these attorneys appeared at the July 25, 2023, hearing, and Plaintiff was unrepresented at the hearing. After calling this case and recording Plaintiff's counsel's failure to appear, the Court asked the Courtroom Deputy Clerk on the record whether any of Plaintiff's attorneys had followed the Court's directive to contact the Courtroom Deputy Clerk to notify the Court of the attorney who would be appearing on behalf of Plaintiff. The Courtroom Deputy Clerk responded that counsel had not. Thus, the Court issued an Order for Plaintiff to show cause why this case should not be dismissed for failure to prosecute. (Doc. 27.) Additionally, the Court ordered each attorney of record for Plaintiff to show cause why he or she should not be held in

---

[1] The Court finds all facts contained herein by clear and convincing evidence. The facts underlying the Court's contempt ruling were committed before the Court, are readily established by the record, and are not disputed. Thus, the Court need not hold a hearing. See Martinez-Garcia v. Perez, No. 6:13-cv-015, 2013 WL 5606366, at *1 (S.D. Ga. Oct. 11, 2013) ("[N]o hearing prior to a finding of civil contempt is needed 'when there are no disputed factual matters that require an evidentiary hearing.'") (quoting Mercer v. Mitchell, 908 F.2d 763, 769 n.11 (11th Cir.1990)).

contempt of court for his or her failure to comply with the directives in the Text Order and failure to appear for the hearing.  (Id.)

On July 28, 2023, Plaintiff's counsel filed a Response to the Show Cause Order.  (Doc. 29.)  In that Response, the attorneys explained their failure to attend the hearing was caused by numerous factors, including the relocation of Mr. Bolce and Mr. Cole's office, technical problems with the firm's email system, and sickness of one of the firm's associates.  (Id.)

## DISCUSSION

The Court's power to find attorneys appearing before it in civil contempt for disobeying the Court's orders and failing to appear is well established.  "Courts have inherent power to enforce compliance with their lawful orders through civil contempt."  Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing Shillitani v. United States, 384 U.S. 364, 370 (1966)).  Any finding of civil contempt—willful disregard of the authority of the Court—must be predicated upon "clear and convincing evidence" that the underlying order was violated. Howard Johnson Co. v. Khimani, 892 F.2d 1512, 1516 (11th Cir. 1990).  Such "clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order."  Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002).  "Also, the absence of willfulness is not a defense to a charge of civil contempt, as this Court does not focus on subjective beliefs or intent in complying with the order, but whether in fact the contemnor's conduct complied with the order itself."  Martinez-Garcia, 2013 WL 5606366, at *1 (citing FTC v. Leshin, 618 F.3d 1221, 1232–33 (11th Cir. 2010)).

Here, each of Plaintiff's attorneys of record received the June 30, 2023, Text Order setting the July 25, 2023, hearing well in advance of the hearing.  The Text Order was valid, lawful, clear, and unambiguous, and each attorney failed to comply with the Text Order despite their ability to

3

do so.  Counsel attributes their failure to appear with a confluence of factors.  (Doc. 29.)  Nonetheless, to their credit, counsel candidly admitted their mistake, and sincerely apologized to the Court for their failure to attend the hearing.  (Id. at p. 2.)  Thus, the Court finds that extreme sanctions such as dismissal of this case or revocation of counsel's *pro hac vice* status are not warranted.  However, to ensure compliance with the Court's orders, counsel's failure to attend the hearing cannot go unaddressed.  Additionally, because of Plaintiff's counsel's failure to attend the hearing, the Court has expended additional judicial resources, and the Court will have to take additional action to address matters that were already addressed in other cases at the hearing.  Further, while Mr. Bolce and Mr. Cole state that Mr. Mykkeltvedt and Mr. Van Horn share no blame for counsel's failure to attend, local counsel was equally responsible for ensuring that Plaintiff was represented at the hearing.  Particularly given counsel's failure to meet the requirement to email the Courtroom Deputy Clerk with the name of the attorney who would attend the hearing well before the hearing, Mr. Mykkeltvedt and Mr. Van Horn could have taken measures to prevent the nonappearance.

## CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's counsel's failure to comply with the Court's Text Order, (doc. 25), and failure to appear before the Court warrants a finding of civil contempt as to each of Plaintiff's attorneys of record.  However, Plaintiff's counsel has genuinely owned up to their failure, and harsh sanctions including dismissal of this action or revocation of counsel's *pro hac vice* admission are not warranted.  Thus, the Court **FINDS** each of Plaintiff's attorneys, Jeffrey N. Mykkeltvedt, Charles H. Van Horn, Cody Alexander Bolce, and Scott Edward Cole, in civil contempt and **ORDERS** them to each pay $500 to the Clerk of Court on or before August 10, 2023.  This sanction should strike the appropriate parsimony balance and prevent any further disregard of the Court's orders.

Additionally, the Court **ORDERS** Plaintiff to file a statement within **seven (7) days** of the date of this Order stating whether Plaintiff agrees that this case should be consolidated into Kolstedt v. TMX Finance Corporate Services, Inc., Case No. 4:23-cv-00076-RSB-CLR.[2]

**SO ORDERED**, this 4th day of August, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Given that this directive pertains to proceedings in Kolstedt, the Court **DIRECTS** the Clerk of Court to file this Order on the docket of that case as well as the docket of this case. Additionally, given the potential for this case to be consolidated into the Kolstedt case, Plaintiff's counsel should continue to monitor that case and stay abreast of the Court's orders entered in Kolstedt.